UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9878-MMM (SP) | Date | January 4, 2016 |
|---|---|---|---|
| Title | JASON JEROME FLOWERS v. W.L. MONTGOMERY, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed**

    On December 23, 2015, petitioner Jason Jerome Flowers, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition"). Petitioner challenges his June 2004 convictions for attempted murder, assault with a firearm, criminal threats, and shooting at an occupied vehicle in Los Angeles County Superior Court in case number BA249103. Petitioner argues: the admission of gang evidence at trial violated his due process right to notice of the charges; trial counsel was ineffective; appellate counsel was ineffective; and there was insufficient and unreliable identification evidence.

    This court has reviewed the Petition. As an initial matter, the Petition was not submitted on this court's approved form (that is, form CV-69) as required by Local Rule 83-16.1. Indeed, both the form petition that was used and the accompanying memorandum are captioned "California Supreme Court." Thus, it is not clear that petitioner even intended to file a habeas petition in this federal court, as opposed to the California Supreme Court.[1]

    But even if petitioner did intent to file the Petition in this court, the Petition

---

[1] The court also notes that, although petitioner signed a Verification attached to the Petition and accompanying memorandum and exhibits, he did not sign the actual Petition in the space provided. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires that all 28 U.S.C. § 2254 habeas petitions "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9878-MMM (SP) | Date | January 4, 2016 |
|---|---|---|---|
| Title | JASON JEROME FLOWERS v. W.L. MONTGOMERY, Warden | | |

appears to be barred as a second or successive petition without the requisite Court of Appeals authorization. It also appears to be untimely. The court will not make a final determination regarding whether the Petition should be dismissed, however, without giving petitioner an opportunity to address this issue.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **February 3, 2016**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9878-MMM (SP) | Date | January 4, 2016 |
|---|---|---|---|
| Title | JASON JEROME FLOWERS v. W.L. MONTGOMERY, Warden | | |

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In case number CV 12-851-MMM (VBK), petitioner filed a habeas petition in February 2012 challenging the same judgment he challenges in the instant Petition, and raising the same claims raised in the instant Petition. In that case, the court found that the AEDPA limitations period expired on January 10, 2007. Because the same limitations period applies in this case, the instant Petition filed on December 23, 2015 appears to be untimely by almost nine years.

## Second or Successive Petitions

As just noted, in case number CV 12-851-MMM (VBK) this court dismissed with prejudice petitioner's prior federal habeas petition challenging the same judgment because the prior petition was untimely. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

In addition, as also just noted, the four claims petitioner seeks to raise in the instant Petition appear to be identical to those raised in his prior case. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9878-MMM (SP) | Date | January 4, 2016 |
|---|---|---|---|
| Title | JASON JEROME FLOWERS v. W.L. MONTGOMERY, Warden | | |

*Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)). As such, § 2244(b)(1) appears to require dismissal of all four claims raised in the instant Petition, which were already raised and rejected by this court as untimely in petitioner's prior § 2254 petition.

In addition, to file a second or successive § 2254 petition, a petitioner must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010). There is no indication petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, the Petition also appears barred by § 2244(b)(3).

## Petitioner's Options

If petitioner in fact intended to file the Petition in this federal court and contends: (1) his Petition is timely under AEDPA; (2) dismissal of all the claims in the Petition as impermissibly second or successive is not required by § 2244(b)(1); and (3) he has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **February 3, 2016**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **February 3, 2016**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9878-MMM (SP) | Date | January 4, 2016 |
|---|---|---|---|
| Title | JASON JEROME FLOWERS v. W.L. MONTGOMERY, Warden | | |

**as time-barred, as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**